UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Dena Robins,

    Plaintiff,

                       **Hon. Hugh B. Scott**

    v.                 05CV53S

                         **Decision
&
Order**

Ali Harb, et al.

    Defendants.

   Before the Court is the plaintiff's motion to remand this case back to the state court. (Docket No. 4).

   The plaintiff, Dena Robins, commenced this action in New York State Supreme Court, County of Niagara, based upon injuries she allegedly sustained as a result of a car accident on December 24, 2001. The defendants removed the action to this Court based upon diversity. The plaintiff now seeks to have the case remanded back to the state court on the grounds that the defendant has not proved that the plaintiff's claim exceeded the $75,000 minimum jurisdictional amount required under 28 U.S.C. §1332(a). In addition, the plaintiff asserts that the matter should be remanded back to state court because the plaintiff maintains a separate but related action for uninsured motorists benefits in the state court.

   The Complaint filed by the plaintiff in state court does not allege an *ad damnum* clause, and thus, does not set a value to the injuries claimed by the plaintiff. This is so because New

York law prohibits such a clause. Section 3017(c) of the New York Civil Practice Law and Rules (CPLR) provides in relevant part:

> "In an action to recover damages for personal injuries or wrongful death, the complaint * * * shall contain a prayer for general relief *but shall not state the amount of damages to which the pleader deems himself entitled*. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section." (Emphasis added).

"A removing defendant "has the burden of proving that it appears to be a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000). Based upon the record before the Court, the Court cannot conclude that the claim is in excess of the statutory jurisdictional amount. The Complaint in this case does not identify the plaintiff's injuries with great detail. At oral argument on the instant motion, the plaintiff's counsel identified the injury as a scar to the ankle of the plaintiff. Plaintiff's counsel did not make a representation as to the value of the claimed injury in this case. The defendants argue that the amount must be met because the plaintiff asserted that she had received a "serious injury." Counsel for plaintiff noted that such language in the Complaint is necessary for pleading purposes when asserting a claim resulting from an

automobile injury in New York.  The Court cannot conclude, based on the record here, that the scar on the plaintiff's ankle represents a claim of $75,000.

In the state court proceeding, Section 3017(c) permits a defendant to "request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." CPLR § 3017(c).  Plaintiff must supply such a supplemental demand within fifteen days.  As determined in <u>Setlock v. Renwick</u>, 2004 WL 1574663, *2  (W.D.N.Y.,2004), because this Court has determined that the Complaint did not contain all the facts necessary to support removal, plaintiff's response to a request for a supplemental demand – assuming *arguendo* that it demonstrates an amount-in-controversy that satisfies the jurisdictional requirement– would constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The plaintiff does not dispute that under section 1446(b), defendants will have thirty days from receipt of plaintiff's supplemental demand to remove this action.

Because this Court finds that remand is necessary based upon a failure to prove that the claim exceeds the jurisdictional amount, the Court need not address the plaintiff's claims that remand is necessary do to the related action for uninsured motorist benefits.

Based on the above, the motion to remand is granted.

So Ordered.

                                                    s/Hon. Hugh B. Scott
                                               United States Magistrate Judge

Buffalo, New York
April 26, 2005